UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**MATTHEW LEE GRIFFIN**                                                                                **PETITIONER**

**v.**                                                                   **CIVIL ACTION NO. 1:12CV-P33-M**

**KENTUCKY DEPARTMENT OF CORRECTIONS**                          **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Matthew Lee Griffin filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Kentucky. Because Griffin indicated that he is challenging a conviction entered in Warren County, which is located within this Court's jurisdiction, the Eastern District of Kentucky transferred the § 2254 action to this Court.

By Memorandum and Order entered April 17, 2012, which the Court incorporates by reference, the Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (DN 8). Upon review, the Court found the petition confusing as to what Griffin was actually seeking to challenge. The Court, therefore, provided Griffin with 30 days within which to file an amended § 2254 petition clearly indicating what he is challenging in the instant action. The Court directed that (1) if he is challenging his Warren County conviction, he must list all grounds of error that he claims occurred during the criminal proceedings and the steps he has taken to exhaust each claim; (2) if he is challenging a loss of good-time credits, he must indicate at which institution he lost them, describe the circumstances leading to their loss, and state when and how many were lost; and (3) if he is challenging only the conditions of confinement at Marion Adjustment Center,

such claims may only be brought in a § 1983 action, and he may move to dismiss the instant habeas action.  The Court additionally ordered that if Griffin intends to continue with his habeas action, Griffin shall amend the § 2254 habeas petition to name the proper Respondent, *i.e.*, the warden of the Marion Adjustment Center.  The Court warned Griffin that failure to complete and return the Court-supplied § 2254 form within 30 days would result in dismissal of this action without prejudice.

Thirty days have passed, and Griffin has failed to file anything with the Court.  Because Griffin has failed to comply with the April 17, 2012, Memorandum and Order and clarify what he seeks to challenge in his § 2254 petition, the Court will deny the petition and dismiss this action.

Before Griffin may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability, therefore, must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: May 30, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:	Petitioner, *pro se*
	Respondent
	Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
	Frankfort, KY 40601
4414.005